IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

MARVIN FLOYD FORTENBERRY       *
#155 340
    Petitioner,              *

    v.                        *         2:09-CV-961-TMH
                                             (WO)
STATE OF ALABAMA, *et al.*,    *

    Respondents.             *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner, Marvin Fortenberry, filed this 28 U.S.C. § 2254 petition for habeas corpus relief in this court on October 9, 2009.[1] Petitioner is currently serving a term of 25 years imprisonment following his convictions for possession of a forged instrument in the second degree and first degree theft of property entered against him by the Circuit Court for Calhoun County, Alabama on February 17, 2009. It is these convictions which Petitioner seeks to challenge in the instant application for habeas corpus relief.

---

[1] Although the present petition was stamped "filed" in this court on October 15, 2009, the petition was signed by Petitioner on October 9, 2009. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Fortenberry] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court construes October 9, 2009 as the date of filing.

**DISCUSSION**

This court, "in the exercise of its discretion and in furtherance of justice," may transfer Petitioner's application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" Petitioner. 28 U.S.C. § 2241(d). Petitioner challenges convictions entered against him by the Circuit Court for Calhoun County, Alabama. Calhoun County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. In light of the foregoing, the court concludes that the transfer of this case to such other court for hearing and/or determination is appropriate.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **November 9, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 26th day of October 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE